UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DSHAWNA COURTNEY,                                                    **COMPLAINT**

                                        Plaintiff,

                                                                     Index No.:

            -against-
                                                                     <u>Jury Trial Demanded</u>

COUNTY OF SUFFOLK, ROBERT BREUER, Individually,
MICHAEL KENEFICK, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

        Plaintiff DSHAWNA COURTNEY, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## <u>VENUE</u>

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff DSHAWNA COURTNEY is a thirty-year-old African American resident of the State of New York, County of Suffolk.

7.      Defendant COUNTY OF SUFFOLK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF SUFFOLK maintains the Suffolk County Police Department (hereinafter referred to as "SCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF SUFFOLK.

9.      That at all times hereinafter mentioned, the individually named defendants, ROBERT BREUER, MICHAEL KENEFICK, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF SUFFOLK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

2

## **FACTS**

12.    On December 28, 2019, at approximately 6:00 a.m., in the vicinity of 366 Albany Avenue, Amityville, New York, Suffolk County Police Department (hereinafter referred to as "SCPD") Officers, including SCPD defendant officers BREUER and KENEFICK unreasonably subjected plaintiff to excessive force.

13.    On the aforesaid date, beginning at approximately 5:00 a.m., plaintiff, who was approximately 6 months pregnant, was at home with her friend when her friend received a phone call from plaintiff's then fiancé Toriq Abdussamee ("Abdussamee"), informing her that he got into a car accident near their home and that he had plaintiff's cellphone.

14.    Plaintiff then went to the scene of the accident, where she saw Abdussamee and several SCPD police officers, including defendant officers BREUER and KENEFICK.

15.    Abdussamee, who was sitting in a SCPD patrol car, informed plaintiff that her cellphone was in his pocket.

16.    One of the officers at the scene told plaintiff that she could retrieve her belongings from Abdussamee.

17.    Plaintiff subsequently approached the patrol car and attempted to open the door to obtain her cellphone when one of the defendant officers falsely accused plaintiff off tampering with evidence and proceeded to pull her across the street and throw her to the ground, causing plaintiff to fall on her visibly pregnant belly.

18.    One of the SCPD officers held plaintiff down by her neck and another officer held her arms to the ground and placed his knees in her back

19.    Plaintiff informed the officers that she was pregnant, and, instead of seeking

3

immediate medical attention for Ms. Courtney, the officers accused her of lying about her pregnancy.

20.     The officers then picked plaintiff off the ground, handcuffed her, and placed her in an ambulance.

21.     Plaintiff was then transported to the Good Samaritan Hospital emergency department in West Islip, New York, where she was treated and informed by doctors, *inter alia,* that her baby had an elevated heart rate.

22.     Ms. Courtney was released from police custody at approximately 2:15 p.m. via the issuance of a traffic summons form bearing FAT No. A-9023044 which was issued to her by defendant BREUER.   The summons and a misdemeanor information prepared by BREUER setting forth false allegations formed the basis of Suffolk Criminal Court docket number CR-000090-20SU that were used to compel Ms. Courtney's appearance in court and to otherwise deprive her of her liberty.

23.     A few months later, on March 3, 2020, plaintiff went into labor at Good Samaritan Hospital, in Albany, New York, and delivered a still born baby, due to a placenta tear, which doctors informed her may be caused by falling or some level of force to her belly.

24.     Except for the instant action, where SCPD officers threw plaintiff to the ground and subjected her to unnecessary and unreasonable use of force, plaintiff had not experienced any other falls or physical trauma during her pregnancy.

25.     As a result of the foregoing use of excessive force, plaintiff suffered needless pain and suffering, including, without limitation, scratches on her back and knees, concrete burns on her legs, mental anguish, and emotional distress.

26.     Defendants BREUER, KENELICK, and JOHN and JANE DOE 1 through 10

4

either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

27. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff DSHAWNA COURTNEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF SUFFOLK and the SCPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the COUNTY OF SUFFOLK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and pursuant to customs or practices of using excessive force.

5

33.     The aforesaid event is not an isolated incident.   Defendant COUNTY OF SUFFOLK is aware from investigations, lawsuits, notices of claims, and complaints filed with the SCPD, and the COUNTY OF SUFFOLK that many SCPD officers, including the defendants, are insufficiently trained regarding the use of force, particularly when dealing with pregnant women.

34.     Defendant COUNTY OF SUFFOLK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant COUNTY OF SUFFOLK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

35.     Moreover, upon information and belief, defendant COUNTY OF SUFFOLK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant COUNTY OF SUFFOLK has retained these officers, and failed to adequately train and supervise them.

36.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY sustained, *inter alia*, physical injuries, emotional distress, and deprivation of her constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Defendants Breuer and Kenefick)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff DSHAWNA COURTNEY'S constitutional

rights.

39.     As a result of the aforementioned conduct of defendants, plaintiff DSHAWNA

COURTNEY   was subjected to excessive force and sustained serious physical injuries and

emotional distress.

40.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants created false evidence against plaintiff DSHAWNA COURTNEY.

43.     Defendants utilized this false evidence against plaintiff in legal proceedings.

44.     As a result of defendants' creation and use of false evidence, plaintiff

DSHAWNA COURTNEY suffered a violation of her constitutional rights to a fair trial, as

guaranteed by the United States Constitution.

45.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against Defendant John/Jane Doe Defendants)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

7

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants had an affirmative duty to intervene on behalf of plaintiff DSHAWNA COURTNEY, whose constitutional rights were being violated in their presence by other officers.

48.     Defendants failed to intervene to prevent the unlawful conduct described herein.

49.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY was subjected to excessive force, and he was put in fear of her and her unborn baby's safety.

50.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983 against Defendant COUNTY OF SUFFOLK</u>)

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The COUNTY OF SUFFOLK engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training, and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff DSHAWNA COURTNEY'S rights as described herein.   As a result of the failure of the COUNTY OF SUFFOLK to properly train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff DSHAWNA COURTNEY.

58.     The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD were the direct and proximate cause of the constitutional violations suffered by plaintiff DSHAWNA COURTNEY as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD were the moving force behind the Constitutional violations suffered by plaintiff DSHAWNA COURTNEY as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD, plaintiff DSHAWNA COURTNEY was subjected to physical abuse.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DSHAWNA COURTNEY'S constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff DSHAWNA COURTNEY of federally protected rights, including, but not limited to, the right:

      A.     To be free from excessive force;

      B.     To be free from violations of right to fair trial/fabricated evidence; and

      B.     To be free from the failure to intervene.

63.     As a result of the foregoing, plaintiff DSHAWNA COURTNEY is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff DSHAWNA COURTNEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
         December 27, 2022

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff DSHAWNA COURTNEY
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:     *Brett Klein*
>          _____
>          BRETT H. KLEIN

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DSHAWNA COURTNEY,

                                      Plaintiff,

         -against-

COUNTY OF SUFFOLK, ROBERT BREUER, Individually,
MICHAEL KENEFICK, Individually and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132